HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLAYTON ERNEST LONGACRE,<br><br>    Plaintiff,<br><br>    v.<br><br>WEST SOUND UTILITY DISTRICT, MICHAEL R. WILSON, and JOHN DOES 1-6,<br><br>    Defendant. | CASE NO. C16-5122RBL<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

THIS MATTER is before the Court on Defendants' Motion to Dismiss [Dkt. #6]. The Court, having reviewed the briefs of the parties, concludes Defendants' Motion to Dismiss the claims as pled is **GRANTED**. Plaintiff's 42 U.S.C. § 1983 claims (Counts IX-XIV) are **DISMISSED** for failure to state a claim. His remaining state tort claims (Counts I-IX) are **DISMISSED** for lack of subject matter jurisdiction. Plaintiff has fifteen days to amend his Complaint.

**I. BACKGROUND**

This state law tort action arises out of Plaintiff's dispute with Defendant West Sound Utility District ("WSUD") over the requirement that he install a water meter on his property

containing a newly-constructed garage and pay for repairs to his existing sewer lines, and over the subsequent lien placed on his property for failure to pay these costs. Based on these events, Plaintiff has asserted numerous state law torts against WSUD and Michael R. Wilson, WSUD's General Manager. These claims include, *inter alia,* defamation, slander of property, interference with a business relationship, negligence/malpractice, trespass, harassment, extortion, and intentional infliction of emotional distress. The only grounds for federal court jurisdiction are Plaintiff's § 1983 claims for due process violations.

Plaintiff's § 1983 claims fail as a matter of law. First, he has not alleged a violation of any substantive due process right. Plaintiff has also failed to allege any conduct by the Defendants that is so egregious that it "shocks the conscience." Thus, to the extent Plaintiff's claims are based on substantive due process, they fail as a matter of law.

To the extent Plaintiff alleges a violation of procedural due process, his Complaint itself establishes that he has an adequate remedy for his claims his state law tort claims. As a matter of law, where a plaintiff has recourse to state law tort claims for the alleged harm, he has a constitutionally adequate procedure for addressing his claims. Thus, plaintiff's procedural due process claims also fail as a matter of law.

Third, Defendant Michael Wilson enjoys qualified immunity from Plaintiff's § 1983 claims because he did not violate any clearly established constitutional right. Nor can Defendant WSUD be liable for Plaintiff's § 1983 claims because Plaintiff has not alleged that he was harmed by any established municipal policy. Thus, for all these reasons, Plaintiff's § 1983 claims must be dismissed as a matter of law.

Because Plaintiff's § 1983 claims fail as a matter of law, there is no basis for federal jurisdiction for this state tort action. Thus, under Federal Rule of Civil Procedure 12(b)(1), this Court dismisses the remaining state law tort claims (Counts I-IX).

## II. DISCUSSION

**A.    Plaintiff Has Failed to Plead Deprivation of a Fundamental Right.**

A plaintiff asserting a substantive due process claim must, as a threshold matter, show a governmental deprivation of a fundamental right such as life, liberty, or property. *See Brittain v. Hansen*, 451 F.3d 982, 990 (9th Cir. 2006). Failure to show deprivation of a fundamental right is fatal to a claim for substantive due process violations. "Substantive due process vindicates those interests which are fundamental and . . . may not to be used as a 'font of tort law to be superimposed upon whatever systems may already be administered by the States.'" *Brittain*, 451 F.3d at 995 (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 848, 118 S. Ct. 1708 (1998)).

Plaintiff argues that substantive due process claims can be founded upon a deprivation of property rights, despite case law suggesting that extending constitutional protections to economic and property rights has been "largely discredited." *Armendariz v. Penman*, 75 F.3d 1311, 1319 (9th Cir. 1996). Even assuming, however, that the deprivation of property rights can form the basis for a substantive due process violation, the allegations in his Complaint and Response nonetheless fail, because he has not pled (or otherwise identified) a sufficient deprivation of his property rights.

In his Complaint, Plaintiff accuses Defendants of attempting to extort him, trespassing on his real property, and destroying his personal property. Plaintiff also claims that Defendants arbitrarily demanded payments and threatened to cut off water and sewer service, and that Defendants' actions interfered with his "ability to reasonably use, rent or sell his property." Significantly, Plaintiff does not allege that Defendants deprived him of his property— only that they interfered with his ability to use his property as he sees fit. Plaintiff offers no legal authority suggesting that his right to use, rent,

or sell his property as he chooses is a fundamental property right subject to constitutional protection. Indeed, the Ninth Circuit has rejected substantive due process claims brought by plaintiffs challenging government action relating to water and sewer service, even though the plaintiffs claimed that the proposed actions would result in some plaintiffs being deprived of their property. *See Keller v. Los Osos Cmty. Servs. Dist.*, 39 F. App'x 581, 583 (9th Cir. 2002). Because Plaintiff has failed to identify a deprivation of fundamental rights, his § 1983 claim fails as a matter of law.

**B.     Plaintiff Cannot Show Conduct That Shocks the Conscience or Interferes With the Concept of Ordered Liberty.**

Even if Plaintiff could identify a deprivation of a fundamental right, his § 1983 claims nonetheless fail as a matter of law, because he has not alleged conduct that is sufficiently egregious to rise to the level of a substantive due process violation. Plaintiff is correct that this element has been articulated as either conduct that "shocks the conscience" or "interferes with the concept of ordered liberty." It is well settled that "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Lewis*, 523 U.S. at 846.

Plaintiff simply fails to allege conduct that rises to the level required to establish a substantive due process violation. Even taking his allegations as true for purposes of this motion, Defendants' alleged misconduct falls far short of conduct that shocks the conscience or interferes with the concept of ordered liberty. Under the most liberal pleading standard, Plaintiff's Complaint amounts to a claim that Defendants (1) falsified documents relating to damages to his water line in order to assess costs of $3,296.08 for repairs necessitated by damages allegedly caused by Defendants, (2) put a lien on his property for failing to pay such costs, (3) cut his "private water lines," (4) required Plaintiff to install a second water meter for his newly-constructed garage, and (5) deprived Plaintiff of his ability to use his property as he chooses. As noted by the court in *Keller v. Los Osos Community Services Dist.*, the exercise of common governmental functions relating to water and sewer services does not shock the conscience, even if a plaintiff disagrees with the manner

in which the government performs those functions. *See* 39 F. App'x at 583 (granting motion to dismiss). Because the conduct alleged by Plaintiff is not sufficiently egregious so as to "shock the conscience," his substantive due process claim is not plausible and is dismissed.

**C.   The Availability of State Tort Law Remedies Bars Plaintiff's Procedural Due Process Claim.**

The fact that a plaintiff can pursue a state tort law claim bars claims for procedural due process violations because the availability of the state law tort claim itself affords a plaintiff the required constitutional process. Plaintiff cannot counter the clear Ninth Circuit authority holding that "[w]hen state remedies are adequate to protect an individual's procedural due process rights, a section 1983 action alleging a violation of those rights will not stand." *Brogan v. San Mateo Cty.*, 901 F.2d 762, 764 (9th Cir. 1990). Indeed, courts have specifically held that plaintiffs have a constitutionally adequate procedural remedy under state law for many of the claims brought by plaintiff, including trespass (*Andrews v. Krebs*, 100 F.3d 961 (9th Cir. 1996)), and destruction of property (*Tanner v. Dep't of Corrs.*, No. C12-5876 RBL/KLS, 2012 WL 4903467, at *4 (W.D. Wash. Oct. 15, 2012)). Because Plaintiff has an adequate remedy under state law for the claims asserted here, his § 1983 claim fails to the extent it is founded in a procedural due process violation.

**D.   Plaintiff Has Failed to Allege an Established Custom, Practice, or Policy, as Required to Establish WSUD's Liability.**

Plaintiff fails to state a claim under § 1983 for violation of either substantive or procedural due process rights. Even if he is permitted to pursue those claims, however, they are subject to dismissal to the extent they are asserted against WSUD.

Under Plaintiff's theory, any action taken by WSUD's General Manager, Wilson, would subject WSUD to § 1983 liability because of Mr. Wilson's position. But there is no vicarious liability under § 1983; a municipality is liable only if it caused a constitutional violation through official policy or custom. *See Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008). A "policy" is "a

deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id.* (internal citations omitted). But Plaintiff's own allegations are that Mr. Wilson acted "unilateral[ly]," "arbitrarily," and without any legal basis. In the absence of allegations that Mr. Wilson's actions were taken pursuant to official policy or custody, Plaintiff's § 1983 claim against WSUD fails as a matter of law.

**E.    Mr. Wilson is Immune from Suit Due to Qualified Immunity.**

Plaintiff's § 1983 claim against Mr. Wilson fails for the additional reason that Wilson enjoys qualified immunity. *See Grenning v. Klemme,* 34 F. Supp. 3d 1144, 1152 (E.D. Wash. 2014). Plaintiff's Response makes it clear that his claims against Wilson all relate to alleged actions taken within the scope of his employment at WSUD. Plaintiff offers no legal authority to support the argument that the rights he claims were violated were "clearly established." Instead, Plaintiff baldly asserts that Wilson "violated clearly established constitutional rights" and that Wilson "knew his actions were such that he could be held liable." Such baseless assertions are not sufficient to show that the constitutional rights allegedly infringed by Wilson were "clearly established," particularly in light of Ninth Circuit authority holding that there is no recognized fundamental right to live free of governmental regulation of water and sewer services. *See Keller*, 39 F. App'x at 583. There is no basis to conclude that a reasonable official, such as Wilson, would understand that requiring Plaintiff to pay for repairs to his water line and to obtain a separate water meter, or placing a lien on his property for failure to pay the assessments, would violate Plaintiff's constitutionally-protected right. Thus, as a matter of law, Mr. Wilson is entitled to qualified immunity from plaintiff's claims.

**F.    Plaintiff Asserts No Basis for Subject Matter Jurisdiction Other Than His Claims Arising Under Section 1983.**

The only bases for federal jurisdiction asserted by Plaintiff are his § 1983 claims, and "pendant jurisdiction" (*see* 28 U.S.C. §1367) over his state law claims. He does not dispute that, if

his federal claims fail, the Court lacks subject matter jurisdiction over his remaining claims. As such, dismissal of Plaintiff's entire Complaint is warranted under Rule 12(b)(1).

### III. CONCLUSION

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the Court may deny leave to amend. *See Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988).

Plaintiff's claims, as pled, are not plausible and are subject to dismissal under Rule 12(b)(6). Though the Court cannot conceive of additional or different facts that he could plead to make his § 1983 claims plausible, it will afford him 15 days to attempt to amend his Complaint to do so, consistent, of course, with the allegations of his current Complaint. If he does not do so, his § 1983 claims will be dismissed with prejudice and his state law claims will be dismissed without prejudice, as the Court will not exercise supplemental jurisdiction over them in the absence of a viable federal claim. Defendants' Motion to Dismiss [Dkt. #6] the claims as pled, is GRANTED.

IT IS SO ORDERED.

Dated this 8th day of June, 2016.

Ronald B. Leighton
United States District Judge